UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25- cv- 61855-MD

ELKEMIA M POWELL, individually,

    Plaintiff

v.

EUROBAHN MOTORS LLC
    Defendants
_____/

### DEFENDANT'S MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT FOR FAILURE TO COMPLY WITH STATUTORY PRE-REQUISITE

Defendant, EUROBAHN MOTORS LLC ("Eurobahn"), by and through the undersigned counsel and pursuant to both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), hereby moves for the entry of an Order dismissing the instant matter for failure to state a claim or, in the alternative, failing to comply with statutory prerequisites and in support thereof, states as follows:

### INTRODUCTION

The Plaintiff, Elkemia M Powell (hereinafter Powell), seeks to circumvent the terms of a contractual agreement that was willingly and knowingly entered into. However, the Plaintiff has failed to satisfy her statutory conditions precedent prior to bringing this action, and for that reason, the suit must be dismissed.

## FACTUAL BACKGROUND

In February of 2024, the plaintiff approached the defendant to purchase a late-model Honda sedan motor vehicle.

The plaintiff ultimately purchased from the defendant a 2021 Honda Accord Sedan, VIN number 1HGCV3F93MA 022176. At the time of the sale, the plaintiff was provided a Carfax printout indicating that the motor vehicle had previously been in an accident.

The plaintiff alleges that the defendant provided inaccurate or untruthful information regarding the mileage on the vehicle. Several of the closing documents did reflect that the mileage on the vehicle was "not actual mileage".

The plaintiff, even having this information upon the purchase of the vehicle, continued to bring the vehicle to the dealership for certain repairs several months after the purchase of the vehicle never making mention of the mileage or any prior damage.

The plaintiff now claims the defendant misrepresented information, which enticed her to make the purchase. This pending lawsuit ensues. The plaintiff brings this action under several counts, including for violation of Florida statute 501.98.Prior to the filing of this action, the Plaintiff nor her counsel provided prior notice to the defendants that a claim was being pursued.

**Plaintiff's Claims Stemming from Alleged Violations of the Florida Deceptive and Unfair Trade Practices Act Should Be Dismissed Because the Requirements of Section 501.98 of Florida Statutes Have Not Been Complied With.**

Section 501.98(1) of Florida Statutes states that "as a condition precedent to initiating any civil litigation . . . arising under [the Consumer Protection] chapter against a motor vehicle dealer, which may also include . . . its agents, . . . a claimant must give the dealer a written demand letter at least 30 days before initiating the litigation." This demand letter, "which must be completed in

good faith," must contain the name, address, and telephone number of the claimant; the name and address of the dealer; a description of the underlying facts; the amount of damages or an estimate; and "all transaction or other documents upon which the claim is based." Fla. Stat. § 501.98(1). Failure to comply with this demand letter requirement offers ample grounds for dismissal in federal court. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (holding that state law must be applied even in cases of supplemental jurisdiction) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). But see In re Toyota RAV4 Hybrid Fuel Tank Litig., 534 F. Supp. 3d 1067, 1107 (denying Defendant's motion to dismiss because it was a manufacturer, not a dealer, employee or agent.) Simply put, as a condition precedent to filing, this demand letter is not optional, and by the terms of the statute—or absence of them—not so easily waived.

In the case before this Court, the Plaintiff did not send a demand letter, did not place the defendant on prior notice in any form, despite an explicit requirement under the statute. The court lacks jurisdiction to proceed on this count, as the failure to execute the prerequisite obligation is fatal to the claim.

Respectfully Submitted,

`
                                         LAW OFFICES OF ANDRE A. ROUVIERE
Attorneys for Defendant
Merrick Park Law Center
4070 Laguna Street
Coral Gables, Florida 33146
Tel: (305)774-7000
Fax: (305)946-6121
Email: andre@rouvierelawfirm.com

By: /s/Andre A. Rouviere
ANDRE A. ROUVIERE

3

## CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1(a)(3)

Counsel for Defendant conferred with counsel for Plaintiffs via email on October 7, 2025, in a good faith effort to resolve the issues raised in this Motion and regarding the relief sought herein. Plaintiffs oppose the Motion and the relief requested herein.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on October 7, 2025, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified that the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

By: */s/Andre A. Rouviere*
ANDRE A. ROUVIERE

## SERVICE LIST

Robert W Murphy
Law Office of Robert W. Murphy
440 Premier Circle, Suite 240
Charlottesville, VA 22901
 954 763 8860
Email: rwmurphy@lawfirmmurphy.com

4